

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Harlin DeWayne Hale*

**United States Bankruptcy Judge**

**Signed May 17, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| IN RE: <br><br> TONYA DEANN CAMPBELL <br><br> Debtor. | Case No. 12-70485-HDH-13 <br> (Chapter 13) |
| UNION SQUARE FEDERAL CREDIT UNION, <br><br>  Movant, <br><br> VS. <br><br> TONYA DEANN CAMPBELL, <br><br>  Respondent. | (A CONTESTED MATTER) <br> Hearing set for: MAY 15, 2013, AT 10:00 A.M. |

### AGREED ORDER CONDITIONING AUTOMATIC STAY
### AND GRANTING RELIEF TO PURSUE CO-DEBTOR

---

**Agreed Order Conditioning Automatic Stay**     **Page 1 of 4 Pages**

Came on for consideration the Motion for Relief from Stay filed by UNION SQUARE FEDERAL CREDIT UNION, (hereinafter "Movant"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by U.S.C. Sec. 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning May, 2013, and continue said payments thereafter pursuant to that certain loan documents in question.

3. **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payment(s) owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

4. **Discharge:** Notwithstanding any provisions hereof, the automatic stay of 11 U.S.C. Sec. 362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7:** The payment terms of this Chapter 13 Order shall not survive upon conversion to a Chapter 7 and Movant shall not be bound by the payment schedule in the event of conversion.

6. **Effect of Non-sufficient Funds:** Debtor's tendering of a check to Movant which is

subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Order.

7. **Default:** In the event Movant does not receive the payments by the dates set forth in Paragraphs 2 or 3, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Debtor's Counsel and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payment(s).  Cure payments must be made by certified funds only and Movant may charge Debtor $25.00 for any notice given pursuant to this Order.  In the event Debtor fails to cure such delinquent payment(s) within such 10-day period or in the event Debtor become delinquent after one (1) notice of default, the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

2009 GMC ACADIA, VIN#1GKER13D19J143356. Further, in the event that the automatic stay is lifted, the relief granted in this Order is binding on and applicable to the Debtor and/or any entity acting in concert with Debtor, and that a subsequent bankruptcy filing by Debtor will not create an automatic stay relating to the Property for a period of one hundred eight (180) days, and Debtor is prohibited from transferring, selling, or otherwise conveying any interest in the Property or taking any action which may prohibit, preclude, and interfere with Union Square Federal Credit Union, its successors or assigns, in obtaining possession of the above-described

property for a period of one hundred eighty (180) days from the date of this Order, and this relief shall be binding in any and all Chapter 7, 11, and 13 cases as to the Property and as to the Debtor, any transferees, assigns, or others with a claimed interest in the Property for one hundred eight (180) days from the date of this Order.

**IT IS ORDERED** that the Stay of 11 USC Section 1301 (a)(b) and the same is hereby terminated as to the Co-Debtor, JOHNNY S. GOFF, to permit UNION SQUARE FEDERAL CREDIT UNION to pursue its rights against the Co-Debtor, JOHNNY S. GOFF, in accordance with the instruments or agreements creating the obligations of Co-Debtor, and applicable law.

**IT IS FURTHER ORDERED** that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived and UNION SQUARE FEDERAL CREDIT UNION, its successors and assigns, may immediately enforce and implement the terms of this order granting relief from the automatic stay.

**IT IF FURTHER ORDERED** that Movant herein shall immediately notify the Office of the Standing Chapter 13 Trustee in the event that it forecloses its interest upon the above-described collateral pursuant to the terms of this Order.

APPROVED AS TO FORM:

/s/ Monte J. White  
Monte J. White,  
ATTORNEY FOR DEBTOR

/s/ Tonya Campbell  
Tonya Campbell, Debtor

/s/ Gregory A. Ross  
Gregory A. Ross  
ATTORNEY FOR MOVANT

***END OF ORDER***

**Agreed Order Conditioning Automatic Stay** **Page 5 of 4 Pages**